UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN BRUCE MCFARLANE,<br><br>Petitioner,<br><br>v.<br><br>STEPHEN FREITAS,<br><br>Respondent. | Case No. 16-cv-06401-JD<br><br>**ORDER FOR RESPONDENT TO SHOW CAUSE** |

Alan Bruce McFarlane, a probationer, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee and already served respondent.

**BACKGROUND**

A jury found petitioner guilty of unlawfully possessing an assault weapon and he was sentenced to 36 months of probation. Petition at 1; *People v. Macfarlane*, No. A141326, 2016 WL 3634286, at *1 (Cal. Ct. App. June 29, 2016). The California Court of Appeal affirmed the conviction. *Macfarlane*, 2016 WL 3634286, at *2. The California Supreme Court denied review. Petition at 2.

**DISCUSSION**

**STANDARD OF REVIEW**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of

habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254.  "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

## LEGAL CLAIMS

Petitioner's sole ground for federal habeas relief is that his rights to due process, a fair trial and to present a defense were violated by the trial court's ruling that quashed and excluded the testimony of a deputy who was called as petitioner's witness.   Liberally construed, this claim is sufficient to require a response.

## CONCLUSION

1.   Because all previously dates have been vacated, respondent shall file with the Court and serve on petitioner, within fifty-six (56) days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within twenty-eight (28) days of his receipt of the answer.

2.   Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, it is due fifty-six (56) days from the date this order is entered.  If a motion is filed, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within twenty-eight (28) days of receipt of the motion, and respondent shall file with the Court and serve on petitioner a reply within fourteen (14) days of receipt of any opposition.

United States District Court
Northern District of California

1      3.      Petitioner is reminded that all communications with the Court must be served on
2 respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must keep
3 the Court informed of any change of address and must comply with the Court's orders in a timely
4 fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
5 to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir.
6 1997) (Rule 41(b) applicable in habeas cases).

    **IT IS SO ORDERED.**

Dated: March 27, 2017

_____
JAMES DONATO
United States District Judge

3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALAN BRUCE MCFARLANE,

    Plaintiff,

    v.

STEPHEN FREITAS,

    Defendant.

Case No. 16-cv-06401-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 27, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Alan Bruce McFarlane
P.O. Box 9554
Santa Rosa, CA 95405-1554

Dated: March 27, 2017

    Susan Y. Soong
    Clerk, United States District Court

    By: *Lisa R. Clark*
    LISA R. CLARK, Deputy Clerk to the
    Honorable JAMES DONATO